(R.D. 11704)

Rudolf Reider, Inc. v. United States

Entry No. 13997.

(Decided May 22, 1970)

*Walter E. Doherty, Jr.*, for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Owen J. Rader* and *Herbert P. Larsen*, trial attorneys), for the defendant.

Donlon, Judge: Seventy-six bales of finished leather, imported from Spain, were appraised on entry at the port of Boston on the basis of constructed value. Plaintiff does not challenge the basis of valuation, but has appealed to this court alleging that the constructed values of the merchandise, as determined by the appraiser, are erroneous.

The notation of appraisement in the official papers, which were offered and received in evidence, is as follows:

"Appraised at avg. cost per sq. ft. for material, plus ins. and frt., plus $0.006 per sq. ft. for shipping from U.S. to Spain, plus 18.8% plus $0.105 for finishing, net, pkd."

The sole controverted item in the appraiser's computation of constructed value is the item noted as "plus 18.8%", which defendant concedes is the value component of constructed value that represents general expenses and profit.

Valuation is pursuant to section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, it having been stipulated that the merchandise at bar does not appear in the Final List of the Secretary of the Treasury (T.D. 54521). Section 402(d) provides that the constructed value of imported merchandise shall be the sum of enumerated value components, among which is included:

> (2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States * * *

It is too well established to require citation of authority that the burden is on plaintiff, in appealing from an appraisement, to show by competent evidence both that the appraisement is erroneous and what the correct value is, within the appropriate statutory formula.

Here, because only a single identified value component is controverted, plaintiff's burden is limited to proofs establishing that 18.8 percent is not the correct amount to be included in constructed value, as the statutory component representing general expenses and profit, and also that some other sum, for which plaintiff contends, is the correct statutory component representing general expenses and profit.

The court agrees with defendant that plaintiff has not met its burden of proof. There is no evidence that 18.8 percent is not the amount "usually reflected in sales of merchandise of the same general class or kind" made in Spain by producers generally who sold for shipment to the United States, which is the statutory prescription of section 402(d)(2).

Plaintiff argues that the merchandise at bar was not *sold* by the Spanish producer of the leather, because the Spanish producer of the leather worked on plaintiff's goods and as its agent. Admitting that such are the facts, plaintiff's argument nevertheless is ill founded. Congress did not, in section 402(d)(2), relate the value component to be added for general expenses and profit to those items relevant to production of the merchandise at bar. To the contrary, it is the amount thereof *usually* reflected in sales *by producers generally* which is to be included in arriving at constructed value of the merchandise at bar.

Plaintiff's brief cites cases construing cost of production value, under earlier law, but not the constructed value formula of the present law, here to be applied; and also cases dealing with the cost of materials as a part of cost of production value. However, plaintiff has conceded the correctness of the appraiser's findings (1) that constructed value is the correct basis of appraisement and (2) as to the cost of materials and fabrication. There is no evidence before the court that casts any reasonable doubt on plaintiff's concession of the correctness of those findings.

The constructed value for which plaintiff argues in its brief, would reduce the cost of materials and fabrication (section 402(d)(1)) as found by the appraiser, by some undesignated amount and (seemingly) assign such amount as the usual amount for general expenses and profit reflected in sales of similar merchandise by Spanish producers generally. This argument is not supported by plaintiff's proofs.

I find as facts the following:

1. The merchandise at bar consists of seventy-six bales of finished leather, imported from Spain.

2. Said merchandise was appraised on the basis of constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. The merchandise at bar does not appear in the Final List of the Secretary of the Treasury (T.D. 54521).

4. The only controverted item in the appraiser's computation of constructed value is the item in the notation of appraisement, stated as "plus 18.8%", which defendant concedes is the value component representing general expenses and profit.

5. There is no evidence that 18.8 percent is not the amount "usually reflected in sales of merchandise of the same general class or kind" made in Spain by producers generally who sell for shipment to the United States, as section 402(d)(2) prescribes.

I make the following findings of law:

1. The presumption of correctness attaching to the appraised values has not been overcome.

2. Constructed value as defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for valuing the merchandise covered by the reappraisement appeal herein.

3. The constructed values of the merchandise at bar are the respective appraised values.

Judgment will be entered accordingly.